Barbara A. SAMUELSON, Plaintiff-Appellant,

v.

**DURKEE/FRENCH/AIRWICK and Thomas Havrilesko, Defendants-Appellees.**

No. 91–2133.

United States Court of Appeals, Seventh Circuit.

Argued May 19, 1992.

Decided Oct. 8, 1992.

Martin W. Kus (argued), Newby, Lewis, Kaminski & Jones, LaPorte, Ind., for plaintiff-appellant.

Eric L. Zalud, Howard A. Levy (argued), Maynard A. Buck, Thomas J. Wiencek, Benesch, Friedlander, Coplan & Aronoff, Cleveland, Ohio, Roger Benko, Barnes & Thornburg, South Bend, Ind., for defendants-appellees.

Before CUMMINGS and COFFEY, Circuit Judges, and GIBSON, Senior Circuit Judge.[1]

GIBSON, Senior Circuit Judge.

Barbara A. Samuelson appeals from the district court's order granting summary judgment to her former employer, Durkee/French/Airwick ("Durkee") and her supervisor, Thomas Havrilesko, on her Title VII claims of sex discrimination and retaliatory discharge. We affirm.

## I. BACKGROUND

The facts of this case are fully set forth in the district court's opinion, *Samuelson v. Durkee/French/Airwick*, 760 F.Supp. 729 (N.D.Ind.1991), and we will repeat only those facts pertinent to this appeal. On August 20, 1979, Samuelson began working as a sales representative with Durkee Famous Foods. As a sales representative, Samuelson sold and ordered spices, arranged displays and put these products on grocery store shelves within her territory.

In May of 1984, Samuelson was terminated upon the recommendation of her supervisor, Thomas Havrilesko. After her ter-

---

1. The Honorable Floyd R. Gibson, Senior Circuit Judge for the United States Court of Appeals for the Eighth Circuit, is sitting by designation.

mination, Samuelson filed a sex discrimination charge with the Equal Employment Opportunity Commission alleging that she was terminated because of her sex. Durkee and Samuelson entered into a settlement agreement, and Samuelson returned to her position as a sales representative in December of 1984 with the understanding that the EEOC filing would be removed from her employment records.

Reckitt & Coleman, the owner of R.T. French, purchased Durkee in early 1987. Following the purchase, Reckitt & Coleman combined the businesses of Durkee and French, and sought a reduction in its combined sales force. Former French employee Greg Sacco, who was in charge of the reduction in force, formed a group of managers to determine which sales representative positions would be eliminated. Each of the four managers, including Havrilesko, provided information concerning each sales representative in their region. Havrilesko evaluated six employees, ranking Samuelson fifth; the only lower-rated representative voluntarily retired during the Durkee/French merger. In his evaluation, Havrilesko noted that Samuelson had been fired once and reinstated after she filed a complaint with the EEOC. Sacco studied the information, met with French's regional manager, and then determined which employees would be terminated. Based on his concern that Durkee must proceed cautiously in light of Samuelson's previous EEOC charge, Sacco met with Samuelson and discussed her performance with Havrilesko before making his final decision to terminate Samuelson. On June 3, 1987, Durkee notified Samuelson that she was terminated from her position. Samuelson was 48 years old.

Samuelson filed suit in district court alleging claims of age discrimination, sex discrimination and retaliatory discharge. The district court granted Durkee's motion for summary judgment on the Title VII sex discrimination and retaliatory discharge claims, but denied Durkee's motion for summary judgment on the age discrimination claim. Samuelson voluntarily dismissed the age discrimination claim and filed this appeal. On appeal, Samuelson argues there were genuine issues of material fact to support her sexual discrimination and retaliatory discharge claims.

## II. DISCUSSION

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine issue of material fact exists when "there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). We review the record and the inferences drawn in the light most favorable to the party opposing the motion. *Cameron v. Frances Slocum Bank & Trust Co.*, 824 F.2d 570, 573 (7th Cir.1987). Our review of the district court's decision granting summary judgment is *de novo*. *Puckett v. Soo Line R.R. Co.*, 897 F.2d 1423, 1425 (7th Cir.1990).

### A. Sex Discrimination

■ Samuelson contends she was discharged because of her gender, in violation of Title VII of the Civil Rights Act of 1964. Title VII prohibits discrimination "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's ... sex ..." 42 U.S.C. § 2000(e)–(2). The United States Supreme Court has delineated a burden-shifting formula for determining discrimination claims under Title VII. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Under this formula, the plaintiff bears the initial burden of establishing by a preponderance of the evidence a prima facie case of discrimination. *Id.* Samuelson can establish a prima facie case of discrimination by showing: "(1) she was a member of a protected class; (2) she was satisfactorily performing the duties of her position; (3) she was discharged; and ... (4) others not in the protected class were treated more favorably." *Jones v.*

*Jones Bros. Constr. Corp.,* 879 F.2d 295, 299 (7th Cir.1989). Once a plaintiff meets that burden, the burden shifts to the defendant "to articulate a legitimate, non-discriminatory reason for its action." *Id.* Finally, if the defendant meets this burden, the presumption of discrimination is dissolved, and the burden shifts back to the plaintiff to prove the defendant's actions were a pretext for discrimination. *Id.* This may be accomplished "by showing either that a discriminatory reason more likely than not motivated the employer or that the employer's proffered explanation is incredible." *Oxman v. WLS–TV,* 846 F.2d 448, 453 (7th Cir.1988). The plaintiff may show the defendant's proffered reasons are incredible by showing that "(1) they have no basis in fact, or (2) they did not actually motivate the employer's decision, or (3) they were insufficient to motivate the discharge." *Jones,* 879 F.2d at 299. Although this analysis outlines a shifting burden of production on the parties, the ultimate burden rests with the employee to prove that the employer intentionally discriminated against the employee. *Williams v. Williams Electronics, Inc.,* 856 F.2d 920, 922 (7th Cir.1988) (citation omitted).

▪ Because of the unique nature of reduction in force cases, the district court assumed that Samuelson had met her prima facie burden of discrimination in order to properly focus on the showing of pretext. *Samuelson,* 760 F.Supp. at 736. As a result, we do not address Samuelson's prima facie case and instead focus on Durkee's proffered nondiscriminatory motive for terminating Samuelson. Durkee argued the Durkee/French merger was a sufficient economic change to necessitate a reduction in the combined sales force. We agree that Durkee has met its burden of articulating a legitimate, nondiscriminatory reason for its decision to discharge Samuelson. Thus, the key issue on appeal is whether Samuelson presented sufficient evidence to establish Durkee's proffered nondiscriminatory motive was merely a pretext for sex discrimination.

▪ Samuelson first argues the district court abused its discretion in failing to consider her entire work record in its analy-

sis of pretext because her complete record reflects that she was more qualified than two males who were retained as sales representatives. We disagree. An employee's past performance is not indicative of present performance, and the court was not obligated to consider Samuelson's entire work record. *See Grohs v. Gold Bond Bldg. Products,* 859 F.2d 1283, 1287 (7th Cir.1988), *cert. denied,* 490 U.S. 1036, 109 S.Ct. 1934, 104 L.Ed.2d 405 (1989) ("fact that an individual may have been qualified in the past does not mean that he is qualified at a later time."). The district court properly relied on the May 1987 report that evaluated six employees based on a set period of time, without considering any employee's past history with the company. Second, Samuelson argues her prior discharge and reinstatement in 1984 provide evidence of pretext. As correctly noted by the district court, Samuelson would have to present evidence that her 1984 discharge was motivated by gender bias; Samuelson cannot present this evidence because the 1984 settlement agreement stipulated that neither party admitted that Samuelson was terminated because of her sex. Because Samuelson did not present sufficient evidence to prove her discharge was a pretext for discrimination, the court did not err in granting Durkee's motion for summary judgment.

**B. Retaliatory Discharge**

▪ Samuelson also argues she was discharged in retaliation for filing an EEOC claim against Durkee, in violation of Title VII. Title VII provides: "It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because he has made a charge, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a) (1988). This circuit applies the burden-shifting analysis to retaliatory discharge claims; thus, our inquiry mirrors our sexual discrimination analysis. *Collins v. Illinois,* 830 F.2d 692, 702 (7th Cir.1987). Initially, Samuelson must make a prima facie showing that: (1) she engaged in protected opposition to Title VII discrimination or participated in Title VII

proceedings; (2) she suffered adverse action by Durkee subsequent to or contemporaneous with such opposition or participation; and (3) there is a causal connection between the protected activity and the adverse employment action. *Id.*

■ Samuelson argues there was sufficient evidence to conclude that Havrilesko mentioned the 1984 EEOC filing in his evaluation and gave Samuelson a low ranking in retaliation for Samuelson's filing of the EEOC complaint. The district court found the evidence in the record did not support such an inference. We agree. Samuelson failed to demonstrate a causal connection between the 1984 EEOC claim and the 1987 termination. *Collins,* 830 F.2d at 704. There is no direct evidence showing that Durkee's action against Samuelson was motivated by a desire to retaliate for the charges filed with the EEOC; nor are there any inferences to be drawn which support such a finding. Furthermore, the three-year time lapse discounts the causal connection between the two events. *See Oliver v. Digital Equipment Corp.,* 846 F.2d 103, 110–11 (1st Cir.1988) (no inference of retaliation where discharge occurred 33 months after plaintiff filed EEOC claim); *Jennings v. Uniroyal Plastics Co.,* 1989 WL 125601 * 8 (N.D.Ind.1989) (no causal connection between change in employee's shift and filing of EEOC charge two years earlier). In view of the entire record, we find no error in the district court's conclusion that Samuelson had failed to make a prima facie case under Title VII for retaliatory discharge; thus, Durkee is entitled to judgment as a matter of law.

## III. CONCLUSION

Based on the foregoing, we affirm the district court.

AFFIRMED.