23 F.3d 410
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Lefloris LYON, Plaintiff-Appellant,
v.
Jesse BROWN,** Secretary of the United States
Department of Veteran Affairs, et al., Defendants-Appellees.
 No. 93-1982.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 5, 1994.*
April 7, 1994.
Rehearing and Suggestion for Rehearing En Banc
Denied July 5, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 LeFloris Lyon appeals the district court's dismissal of his complaint alleging noncompliance by the Department of Veteran Affairs ("VA") of a settlement agreement consented to by the parties in response to an employment discrimination complaint based on race, sex, and handicap; retaliation by his employers for pursuing relief before the Equal Employment Opportunity Commission ("EEOC"); and the denial of complete access to his employment file in violation of the Freedom of Information Act ("FOIA") pursuant to 5 U.S.C. Sec. 552(a).
 
 
 2
 On October 30, 1989, one month after Lyon was hired by the VA West Side Medical Center as a medical photographer, he filed an employment discrimination claim with the EEO office of the VA. He complained that the VA originally ignored his applications for the photographer position and only hired him after another individual turned it down. In August 1990, Lyon entered into a settlement agreement with the VA and withdrew his complaint. Pursuant to the agreement, the VA Medical Center agreed to:
 
 
 3
 a. Provide Medical Media photography training under the supervision of an experienced technician in the field ... [through] a structured and monitored program ...
 
 
 4
 b. To enforce the statutes as written pertaining to the Hiring, and training of VRA [Veteran Readjustment Act[1] ] applicants at this facility.
 
 
 5
 c. To continue to provide necessary and reasonable accomodations [sic] to VRAs with service connected disabilities when such is brought to the attention of management.
 
 
 6
 The VA failed to provide the training within sixty days as specified in the agreement. Lyon appealed to the EEOC pursuant to 29 C.F.R. Secs. 1613.217(b) and 1613.231(a)(2). On May 29, 1991, the EEOC found that the VA had breached the settlement agreement. In accordance with Lyon's request, the EEOC ordered the VA to comply. 29 C.F.R. Sec. 1613.237(c).
 
 
 7
 In September 1991, Lyon again contacted the EEOC to inform it that the VA was still not in compliance with the May 1991 decision. After two requests by the EEOC, the VA finally submitted a compliance report and other evidence demonstrating that they had attempted to provide Lyon with training and that he had refused to participate. On November 19, 1991 the EEOC notified Lyon by letter that it had terminated compliance monitoring of the VA after examination of all the evidence because Lyon had failed to cooperate with the VA.
 
 
 8
 Lyon filed a writ of mandamus with the district court on September 30, 1992 and supplemented his pleadings with leave of court by filing a complaint in October 1992. In January, Lyon moved for a "preliminary injunction that will be treated as a motion for summary judgment." The defendants subsequently submitted a cross motion to dismiss for lack of subject matter jurisdiction or, in the alternative, for summary judgment, see Fed.R.Civ.P. 12(b)(1), 56(e). In its order, the district court considered evidence submitted with the parties' pleadings. Thus we will construe the order as a grant of summary judgment, reviewing it de novo. Fed.R.Civ.P. 12(c); Fleischfresser v. Directors of School District 200, No. 92-3674, slip op. at 4-6 (7th Cir. Feb. 2, 1994).
 
 
 9
 In the district court, the government claimed that the November 1991 letter from the EEOC notifying Lyon that compliance monitoring had been terminated constituted final action by the Commission. Thus, the writ of mandamus filed almost one year later was untimely pursuant to 29 C.F.R. Sec. 1613.281(c). Because statutory time limits in suits against the government are not jurisdictional, Irwin v. Veterans Administration, 111 S.Ct. 453, 457 (1990), and the government has not raised this issue on appeal, we proceed to the merits of Lyon's claim.
 
 
 10
 Lyon contends that the VA violated the settlement agreement by failing to appoint him to the position of medical photographer, level GS-9, to provide him with adequate training pursuant to 38 U.S.C. Sec. 4214, and to eventually increase his salary level to GS-10 or -11.[2] A settlement agreement is a contract, D. Patrick, Inc. v. Ford Motor Co., 8 F.3d 455, 460 (7th Cir.1993), and it must be interpreted in light of the parties' reasonable expectations. Marx v. United States, 930 F.2d 1246, 1247-48 (7th Cir.1991), cert. denied, 112 S.Ct. 1480 (1992). Substantively, the agreement promises only that the VA Medical Center would provide training to Lyon under the supervision of an experienced technician in a structured and monitored program. Subparagraph (f) states that the agreement constitutes "the entire Agreement and there are no other terms, promises, expectations, implications, inferences either oral or written except those specified herein."
 
 
 11
 First, Lyon's contention that he was not given proper training as required by statute so that he could perform the duties of a medical photographer at levels GS-9 to GS-11 is without merit. Section 4214 of Title 38 states only that a VRA appointment may be granted up to level GS-11 or its equivalent; the statute does not require it. Thus, even if Lyon is eligible for a VRA appointment, his expectations of training for an appointment at the GS-9 level are unreasonable because the settlement agreement arose out of the VA's alleged delay in hiring him for a GS-4 position. Although Lyon also contends that in December 1990 he was not chosen for a vacancy as a medical photographer, level GS-9, that claim is not related to this action. Lyon must first seek administrative relief for the rejection of his 1990 application.
 
 
 12
 Second, the VA was willing to provide Lyon with the appropriate training for his employment. The defendants submitted a copy of its training schedule for Lyon with its compliance report to the EEOC. Upon its completion, Lyon would have been trained in topic areas such as proper camera and lighting selections, subject arrangement, fundamental methods in printing and negative processing, video recording, motion picture photography, and operation of the Medical Media Production Service's newest photographic processing equipment. The training was not completed, however, because Lyon refused to communicate with the technicians assigned to train him. Lyon does not deny these facts nor does he allege that his trainers were not experienced technicians. Rather, he submits a copy of the table of contents of the Medical Photography Study Guide edited by Robin Williams to demonstrate what he considers proper training for his position. Yet, Lyon's claim cannot survive summary judgment on the premise that the training provided by the VA, although sufficient to fulfill its obligations under the settlement agreement, does not satisfy his expectations. Both the EEOC and the district court found the VA's proposal sufficient to uphold its contractual obligations under the settlement agreement. Without any evidence by Lyon establishing the training's inadequacy, we will not conclude otherwise. Finally, the parties did not agree to a guaranteed salary either during training or after the completion of training or to a promotion to the GS-9 or -11 level. Consequently, we find Lyon's expectations under the settlement agreement to be unreasonable and unenforceable.
 
 
 13
 Although a factual dispute exists as to whether the VA Medical Center provided Lyon with some training, the discrepancy is immaterial in deciding whether the VA's proposed training schedule complied with the settlement agreement, and does not bar the grant of summary judgment. Furthermore, although Lyon contends that the VA's training schedule violated the statutes pertaining to the hiring and training of VRA applicants, see 38 U.S.C. Sec. 4214 and 5 C.F.R. Part 307, the statute and applicable regulations do not provide any criteria upon which to judge the adequacy of a training program.
 
 
 14
 In addition, Lyon seeks relief from the dismissal of his retaliation claims as stated in two complaints filed with the VA on July 29, 1991 and July 28, 1992. Defendants claim that the 1991 claim was rejected by the agency because it stated the same claim discussed in the EEOC decision dated May 29, 1991. Yet, there is no proof of a final agency action in the record. Defendants cite to a letter written by the VA Medical Center's Director on September 26, 1991 to Lyon in support of their proposition. However, this letter states only that a preliminary examination of his claim suggested that it was duplicative of the earlier claim. It added that Lyon would be notified by the General Counsel of the VA Central Office if his most recent claim would be accepted and of any appeal rights. Defendants have not produced any evidence that the VA's General Counsel eventually notified Lyon. There being no final agency action, Lyon was entitled to sue in federal court pursuant to 29 C.F.R. Sec. 1613.281(b).
 
 
 15
 In his 1991 claim, Lyon alleged that the VA continued to refuse to implement the terms of the settlement agreement and that they engaged in efforts to coerce him into a new agreement in retaliation for the filing of his original EEO claim. Apparently, the "new agreement" to which Lyon refers is the training schedule that the VA eventually presented to the EEOC and that was given to Lyon in July 1991 for him to sign if he agreed to it. Proof of adverse job action is required to establish a prima facie case of retaliation. Even if attempts by the VA to persuade Lyon to agree to less favorable terms than stated in the settlement agreement constitute adverse job action, Lyon has not presented any evidence establishing a causal link between the efforts to "coerce" him into this "new agreement" and the filing of his first EEOC complaint. Samuelson v. Durkee/French/Airwick, 976 F.2d 1111, 1114 (7th Cir.1992); Collins v. State of Illinois, 830 F.2d 692, 702 (7th Cir.1987). Moreover, he has not rebutted the VA's statement that the delay in Lyon's training was due to two unanticipated retirements in the Medical Media Production Service, including the October 1990 retirement of the individual who was originally to have provided Lyon's training. Thus, Lyon's 1991 retaliation claim fails on the merits.
 
 
 16
 Lyon's second retaliation claim filed in July 1992 contends that his supervisors denied him access to equipment and supplies because he filed numerous EEO complaints; he also alleges that the ventilation in the darkroom was inadequate. Although the defendants claim that Lyon did not raise these issues before the district court, Lyon did allege in his complaint that his supervisors demanded him to turn in his access key for the equipment and that the VA Medical Center continued to violate unspecified OSHA regulations. Lyon later moved the court to amend his complaint to specifically include his 1992 EEO claim, but the district court apparently never ruled directly on the motion. Instead, the district court ruled that Lyon failed to exhaust his administrative remedies on all the retaliation claims, and that an individual plaintiff could not pursue a cause of action against his employer for OSHA violations. We conclude that Lyon has not adequately preserved these claims on appeal. He does not raise any arguments to dispute the district court's findings, and states only that he "seeks to resolve two formal discrimination complaints ... July 29, 1991, ... and July 28, 1992." Moreover, any consideration of his 1992 EEO claim by the district court would have been premature since only three months had passed before Lyon filed his complaint in district court. 29 C.F.R. Sec. 1613.281(b) (1991) (an employee may file a civil action after 180 days from the date of filing a complaint with the agency if there has been no decision).
 
 
 17
 Finally, Lyon claims that he was not given a complete copy of his EEO file, including a copy of the compliance report filed by the VA with the EEOC in violation of the Freedom of Information Act. The record establishes that in March 1992, Lyon was denied copies of internal correspondence from the Director of the VA Medical Center to the VA Central Office requesting advice. However, after communicating with the Discrimination Complaints Service in the VA Central Office, copies of these memoranda were given to Lyon. Letters from the VA to Lyon also establish that as of March 1992, Lyon had complete access to his file upon his reasonable request. Moreover, the record includes a copy of the training schedule submitted by the VA to the EEOC demonstrating the type of training to be provided, the trainer's name, and the date the training would begin and end. Because Lyon does not direct this court to any evidence supporting his claim other than his own statement, we reject his FOIA claim.
 
 
 18
 For the foregoing reasons, the district court's order is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 **
 Jesse Brown is substituted for his predecessor, Edward J. Derwinski, as Secretary of the Department of Veteran Affairs. Fed.R.App.P. 43(c)(1)
 
 
 [1]
 Pursuant to 38 U.S.C. Sec. 4214(a)(1), the Federal Government has dedicated itself to the assistance of disabled veterans and certain veterans of the Vietnam era in readjusting to civilian life by providing maximum employment and job advancement opportunities for them within the Federal Government. A veteran's readjustment appointment is an excepted appointment of certain veterans made after April 8, 1970 to a position otherwise in the competitive service. 5 C.F.R. Sec. 307.101(e)
 
 
 [2]
 Throughout his appellate brief, Lyon refers to his Request for Admissions to support his various claims. Lyon argues that the statements in the request were admitted by the defendants when they failed to respond within thirty days. The request was served, along with a motion to file discovery requests, on the defendants in January 1993, after the motion and cross motion for summary judgment had been filed. The defendants asked the court to hold the discovery motion in abeyance. The court ruled that the defendants should state their position in their reply brief to the motion for summary judgment. Although Lyon was allowed to file his discovery motions with the court, he was specifically told that the court was not ready to decide whether additional discovery was needed. On April 14, the district court granted the defendants' motion for summary judgment. All pending motions, including the motion to file discovery requests and the request for admission, were necessarily denied at the time the district court issued its order. Dunn v. Truck World, Inc., 929 F.2d 311, 313 (7th Cir.1991). Thus, the defendants were not subject to the thirty-day deadline and the statements in the Request for Admissions are not deemed admitted