28 F.3d 1216
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Catherine A. BALLMER, Plaintiff-Appellant,
v.
NICOLET INSTRUMENT CORP., Alan Perry, Richard Maier, et al.,
Defendants-Appellees.
 No. 94-1176.
 United States Court of Appeals, Seventh Circuit.
 Argued June 15, 1994.
Decided July 11, 1994.
 
 Before ESCHBACH, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Catherine Ballmer appeals from the grant of summary judgment in favor of her former employer, Nicolet Instrument Corporation and various supervisory employees of Nicolet, on her claim of retaliatory discharge. At issue is whether Ballmer presented enough evidence to establish that the defendants' proffered nondiscriminatory reason was pretextual.
 
 I. BACKGROUND
 
 2
 Ballmer accepted a position in sales administration with Nicolet after her position as a sales support specialist had been eliminated. Both Ballmer and her supervisor, Hale, conceded that their relationship "got off on the wrong foot" and continued to be "problematic" at times. On February 11, 1992, Ballmer filed a discrimination complaint, alleging that Nicolet had discriminated against her on the basis of sex in failing to promote her to the position of sales engineer when her position as sales support specialist was eliminated. Shortly after filing the complaint, Ballmer informed Hale and Hale told her supervisor, Dawn Flagstad. Sometime in March of 1992, Nicolet decided that additional cost reductions were necessary. Hale and Flagstad recommended Ballmer as one of two individuals to be laid off. Ballmer was 40 years old at the time and was selected "because of her problematic relationship with Ms. Hale and the substantial emotional stress she was causing Ms. Hale." Both individuals were terminated on April 1, 1992 and neither was replaced.
 
 
 3
 The district court initially denied the defendant's motion for summary judgment on the claim of retaliation, finding a genuine issue of fact concerning the establishment of a prima facie case. Having conceded a prima facie case of retaliation, the defendant's moved for reconsideration. After accepting the defendants' non-discriminatory reason for discharge--Ballmer's problematic relationship with her supervisor--the court focused on whether Ballmer had shown that this was a pretext for retaliation. Because the evidence demonstrated that a problematic relationship existed both before and after the filing of the failure to promote claim, the district court concluded that Ballmer had failed to raise a genuine issue concerning the truthfulness of the proffered reason.
 
 II. ANALYSIS
 
 4
 In reviewing the district court's grant of summary judgment de novo, we must view the record and all reasonable inferences drawn therefrom in the light most favorable to the party opposing the motion.[1] Holland v. Jefferson Nat'l Life Ins. Co., 883 F.2d 1307, 1313 (7th Cir.1989). For the purpose of summary judgment, the defendants conceded that the plaintiff had established a prima facie case of retaliation under Title VII. The court looked to the evidence advanced by the defendants and found that the existence of a problematic relationship was sufficient to establish a legitimate non-discriminatory reason for Ballmer's discharge. Thus, the summary judgment decision turned on whether Ballmer had presented evidence which raised a genuine issue concerning the sincerity of the articulated nondiscriminatory reason.
 
 
 5
 Pretext may be established directly with evidence that a discriminatory reason more likely motivated the employer, or indirectly by showing that the employer's proffered explanation is not credible. Texas Dep't. of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981); Mechnig v. Sears, Roebuck & Co., 864 F.2d 1359, 1365 (7th Cir.1988). Under the indirect method, the plaintiff must counter the specific reasons articulated by the defendant to support its action. Lenoir v. Roll Coater, Inc., 13 F.3d 1130, 1133 (7th Cir.1994). An employee may prove that the employer's reasons are not worthy of credence through evidence showing: (1) that the proffered reasons had no basis in fact, (2) that the explanation given was not the true reason, or (3) that the reasons stated were insufficient to warrant the action taken. Id.; see also Samuelson v. Durkee/French/Airwick, 976 F.2d 1111, 1114 (7th Cir.1992); Mechnig, 864 F.2d at 1365. "[T]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Saint Mary's Honor Ctr. v. Hicks, 113 S.Ct. 2742, 2747 (1993). However, for purposes of summary judgment, if the evidence viewed in the light most favorable to the plaintiff would permit a rational trier of fact to infer that the proffered reason is a lie, the plaintiff has created a triable issue of pretext. Anderson v. Baxter Healthcare Corp., 13 F.3d 1120, 1124 (7th Cir.1994); see also Loyd v. Phillips Brothers, Inc., No. 92-1710, slip op. at 5 (7th Cir. May 27, 1994); Robinson v. PPG Indus., Inc., No. 92-3000, slip op. at 7-8 (7th Cir. May 4, 1994); Visser v. Packer Eng'g Assocs., Inc., 924 F.2d 655, 660 (7th Cir.1991) (en banc).
 
 
 6
 In an attempt to show pretext, Ballmer attacks the factual basis of defendants' proffered nondiscriminatory reason. Her argument tracks roughly as follows: (1) Hale and Ballmer discussed their problematic relationship in late January or early February, and both believed that the problems had been resolved, (2) on February 11, 1992, Ballmer filed an employment discrimination complaint alleging that she had been denied a promotion on the basis of sex; she informed Hale shortly thereafter and Hale informed her supervisor, Dawn Flagstad, (3) when Nicolet called for additional cost reductions in mid to late March, 1992, Hale recommended Ballmer as one of two to be let go, (4) the recommendation was made prior to a disagreement over the completion of a quote in late March, which again precipitated problems, so (5) Hale must have lied when she attributed the discharge to a problematic relationship which she agreed had been resolved, and so (6) the real reason must have been retaliation. Ballmer relies on her own affidavit and the deposition testimony of Hale[2] to support her position.
 
 
 7
 Rather than dispute the sequence of events as outlined by Ballmer, the defendants argue that the question is whether the defendants acted with an honest good faith belief that Ballmer had caused or was causing Hale problems and emotional stress. Without direct proof of discriminatory intent, proof that the reason given was a subterfuge for discrimination requires more than simply showing that the employee disagrees with the employer's subjective assessment. Robinson, slip op. at 10; see, e.g., Anderson, 13 F.3d at 1125 (where reason given for discharge is poor performance, employee must do more than simply disagree; affidavits from co-workers attesting to plaintiff's satisfactory performance will not create a genuine issue of fact); Perfetti v. First Nat'l Bank, 950 F.2d 449, 457 (7th Cir.1991), cert. denied, 112 S.Ct. 2995 (1992) (employer may rely on subjective judgment of plaintiff's capabilities even where plaintiff was objectively superior to an employee who was not fired). Were it otherwise, summary judgment would be easily defeated by affidavits from the employee or friends of the employee speculating about the employer's "real" motive simply by attempting to create a credibility contest. See Visser, 924 F.2d at 659-60.
 
 
 8
 To avoid engaging in a "battle of beliefs" Ballmer offers Hale's statement to support Ballmer's position that problems had been resolved. By attempting to show that Hale's stated opinion is inconsistent with the proffered reason, Ballmer argues the contradiction itself creates a reasonable inference that the articulated reason was not the "real" reason for her discharge. But Hale's view of the relationship is not inconsistent. The resolution of a problem or concern which is part of a problematic relationship may have little impact on improving the relationship as a whole. Hale's statement was only that after discussing one incident she considered "matters" between herself and Ballmer resolved. This alone is not enough to cast doubt on her subjective belief that her relationship with Ballmer continued to be detrimental to Hale and her ability to supervise her staff effectively. Because both statements are accepted as true, the court is therefore not required to assess credibility or weigh conflicting evidence. Moreover, the subjective personnel assessment relied on is particularly appropriate in a reduction in force case where the employer must often choose among qualified people. As noted, where the basis of that decision is the employer's subjective belief that a particular individual is difficult to manage, that belief controls absent any evidence rendering it unworthy of credence.[3] Robinson, slip op. at 10. Ballmer has offered no such evidence from which a rational trier of fact could infer that Hale's belief was a mere pretext for retaliation. For this reason, the judgment of the district court is
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 The defendants argue that plaintiff did not dispute the reason for her discharge in conformity with the Western District of Wisconsin's local rule on summary judgment procedure. Specifically, the defendants identify paragraph 53 which stated: "Plaintiff was selected because of her problematic relationship with Ms. Hale and the substantial stress she was causing Ms. Hale." Because plaintiff did not object to this proposed fact, the defendants contend that she is bound by it. Although strict enforcement of local district court rules on summary judgment procedures has been repeatedly upheld, Waldridge v. American Hoechst Corp., No. 92-3714, slip op. at 6 (7th Cir. May 16, 1994); Tatalovich v. City of Superior, 904 F.2d 1135, 1139-40 (7th Cir.1990) (enforcing local rule of Western District of Wisconsin), whether a rule is applied strictly or whether any "transgression" will be overlooked is a matter left to the district court's discretion. Waldridge, slip op. at 10. Here, the district court did not expressly refer to its local rule and apparently chose to overlook plaintiff's failure to object, for it considered the very issue which defendants claim was conceded by Ballmer, i.e., that she was discharged because of the existence of a problematic relationship
 
 
 [2]
 When asked whether she considered matters between herself and Ballmer resolved, Hale stated: "On my part, yes. On hers, I couldn't say."
 
 
 [3]
 Further support for this conclusion can be found in the fact that neither Hale nor Flagstad, who were responsible for recommending Ballmer's discharge, had anything to do with Ballmer not being "promoted" to the position of sales engineer. Because the decision makers of the challenged conduct differed, the connection between the conduct which prompted the initial discrimination complaint and the motive underlying the discharge decision was further attenuated