Ronald DUMAS, Plaintiff—Appellant,

v.

NEW UNITED MOTOR MANUFACTURING, INC. ("NUMMI"), a California corporation, Defendant—Appellee.

No. 07–15937.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 11, 2008.

Filed Dec. 29, 2008.

Omar Krashna, Esquire, Elaine Morinelli, Esquire, Krashna Law Firm, LLP, Oakland, CA, for Plaintiff–Appellant.

Kamili Williams Dawson, Esquire, Seyfarth Shaw, San Francisco, CA, for Defendant–Appellee.

Before: B. FLETCHER, McKEOWN, and GORSUCH,* Circuit Judges.

## MEMORANDUM **

Ronald Dumas appeals the district court's grant of summary judgment in favor of his employer, New United Motor Manufacturing, Inc. ("NUMMI"), on his claims of race discrimination and retaliation in violation of the California Fair Employment and Housing Act ("FEHA"). Reviewing the district court's grant of summary judgment de novo, *Natural Resources Defense Council v. United States Environmental Protection Agency*, 542 F.3d 1235, 1249 (9th Cir.2008), we affirm.

The facts reviewed in the light most favorable to Mr. Dumas as non-movant, *Whitman v. Mineta*, 541 F.3d 929, 931 (9th Cir.2008), show that Mr. Dumas was initially employed by NUMMI in 1988 and worked for the company without incident until 2002. In June of that year, Mr. Dumas allegedly began to encounter harassment from certain NUMMI employees. In August 2002, Mr. Dumas filed a grievance alleging that NUMMI had violated its collective bargaining agreement, and in November 2002 he filed a complaint with the National Labor Relations Board ("NLRB") alleging that NUMMI had discriminated and retaliated against him because of his protected activity, and had denied him union representation.

On January 28, 2003, Mr. Dumas called in sick. He was told that, if he was going to be absent for five or more days, company policy required him to obtain written approval for a leave of absence. He called in sick on the following seven work days, and on several occasions was reminded of the company policy, though he never complied with it.

When Mr. Dumas returned to work on February 10, he informed a supervisor that he had been at home caring for his young son, who had asthma, and that he was authorized to take intermittent leave under the Family Medical Leave Act ("FMLA"). The supervisor provided Mr. Dumas with a letter terminating his employment for failing to appear for work for six consecutive days or to obtain a leave of absence, as required by Mr. Dumas's collective bargaining agreement. Mr. Dumas responded by filing a grievance with his union and a complaint with the U.S. Department of Labor ("DOL") alleging wrongful termination in violation of the FMLA. As part of the eventual settlement of his grievance and complaint, Mr. Dumas was reinstated to his former job with back pay and no loss of seniority or benefits.

After settling his grievance and FMLA claim, Mr. Dumas filed this suit alleging, among other things, that he was unlawfully terminated as a result of race discrimination and/or retaliation in violation of the FEHA. In due course, NUMMI moved for summary judgment on all counts, which the district court granted. Mr. Dumas now appeals only the district court's disposition with respect to his FEHA claims. Although mindful of the high standard a movant must meet to be granted summary judgment,[1] we affirm the district court's

---

* The Honorable Neil M. Gorsuch, United States Circuit Judge for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Summary judgment is appropriate only "if the pleadings, the discovery and disclosure

decision for substantially the same reasons it offered.

■ With respect to Mr. Dumas's FEHA claim that his termination was the result of racial discrimination, the district court granted summary judgment to NUMMI on the basis that Mr. Dumas failed to establish a prima facie case of discrimination.[2] The sole piece of evidence Mr. Dumas submitted to demonstrate racial animus was a declaration from another employee, Patrick Turner. The district court found this evidence inadmissible because, among other problems,

> nothing in [the Turner] declaration alleges that [Mr. Turner] witnessed or has first hand knowledge of any discriminatory behavior directed at plaintiff. Additionally, nothing in the Turner declaration is probative on the issue of whether other non-African Americans with similar qualifications as plaintiff were not terminated upon missing six consecutive days of work.

*Dumas v. New United Motor Mfg. Inc.,* No. C 05–4702, 2007 WL 1223806, at *8 (N.D.Cal. April 24, 2007) (citations to the record omitted). Before us Mr. Dumas has further conceded that the individual who allegedly made overt racist statements to Mr. Turner neither harassed him nor was involved in his termination. In light of these facts, we cannot conclude that the district court abused its discretion in declining to admit the Turner declaration. *See Surrell v. Cal. Water Serv. Co.,* 518 F.3d 1097, 1103 (9th Cir.2008) ("A district court's exclusion of evidence at summary judgment will stand unless the court abused its discretion.") (citing *Nat'l*

*Steel Corp. v. Golden Eagle Ins. Corp.,* 121 F.3d 496, 502 (9th Cir.1997)). Without the declaration, Mr. Dumas's claim was properly dismissed for a complete failure of proof.

■ Even if the district court had admitted the Turner declaration, Mr. Dumas's race discrimination claim would still fail for two additional reasons. First, even armed with the Turner declaration, Mr. Dumas could not meet his burden of establishing a prima facie case of discrimination, as the Turner declaration does not address the central issue of Mr. Dumas's discrimination claim—*viz.,* whether discriminatory animus motivated his supervisor's decision to terminate him. *See Nesbit v. Pepsico, Inc.,* 994 F.2d 703, 705 (9th Cir.1993) (plaintiffs failed to established prima facie case of age discrimination where the strongest evidence submitted to court were statements by a supervisor and vice president that did not relate to plaintiffs' terminations).

■ Second, going one step further and assuming that Mr. Dumas could establish a prima facie case of discrimination, we would still hold NUMMI entitled to summary judgment because NUMMI proffered a legitimate, non-discriminatory reason for terminating Mr. Dumas—his violation of company policy requiring written permission for extended leaves of absence—and Mr. Dumas has offered no evidence that NUMMI's proffered reason is pretextual.

■ As to Mr. Dumas's remaining FEHA retaliation claim, the district court held that Mr. Dumas presented evidence

---

materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

**2.** The framework established by *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), governs Mr. Dumas's claims. *See Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 100 Cal.Rptr.2d 352, 8 P.3d 1089, 1113 (2000).

of a prima facie case of retaliation due to the proximity in time between the two complaints (one before NUMMI and the other before the NLRB) he filed in 2002 and his termination. The court further held that NUMMI had responded with evidence of a legitimate business reason for its decision to terminate Mr. Dumas's employment—again, his failure to obtain written permission for his extended leave of absence. But the court held that Mr. Dumas failed in his opposition brief in the district court to offer *any* evidence that NUMMI's stated reason for its conduct was pretextual. To be sure, at a hearing before the district court on NUMMI's summary judgment motion, Mr. Dumas argued that pretext could be shown by the fact that he was reinstated pursuant to the terms of the settlement agreement of his union grievance and DOL complaint. The district court, however, rejected this argument for two reasons: first, no evidence or argument to this effect existed in Mr. Dumas's summary judgment opposition papers and, so, the court held, the argument was untimely; second, and in any event, the mere fact of reinstatement in response to a complaint was insufficient to carry Mr. Dumas's burden, because "[g]rievances, like law suits, are settled all the time for reasons other than wrongdoing by the settling defendant." *Dumas,* 2007 WL 1223806, at *10. On appeal, Mr. Dumas renews the same pretext argument. We find it unavailing for the same reasons the district court did. *Cf. Samuelson v. Durkee/French/Airwick,* 976 F.2d 1111, 1114 (7th Cir.1992) (finding insufficient evidence of pretext where plaintiff pointed to a pri-

or termination that was followed by a complaint alleging sex discrimination, a settlement agreement of that complaint, and reinstatement).[3]

**AFFIRMED.**

---

**3.** On appeal, Mr. Dumas also seeks to present a number of additional arguments for pretext that were not raised below. However, "[i]t is a well-settled rule that a party opposing a summary judgment motion must inform the trial judge of the reasons, legal or factual, why summary judgment should not be entered. If it does not do so, and loses the

motion, it cannot raise such reasons on appeal." *USA Petroleum Co. v. Atlantic Richfield Co.,* 13 F.3d 1276, 1284 (9th Cir.1994) (emphasis omitted) (quoting *Liberles v. County of Cook,* 709 F.2d 1122, 1126 (7th Cir.1983)). We therefore do not consider these arguments.