Patricia M. **BRENNER**,
Plaintiff–Appellant,

v.

Jesse **BROWN**, Secretary, Department
of Veterans Affairs, Defendant–
Appellee.

No. 93–3728.

United States Court of Appeals,
Seventh Circuit.

Argued Aug. 3, 1994.

Decided Aug. 11, 1994.

Opinion Published Sept. 15, 1994 [1].

See also 814 F.Supp. 717.

**1.** Pursuant to Circuit Rule 53, this opinion was originally issued as an unpublished order on August 11, 1994. The court, upon request, issues this decision as an opinion.

PER CURIAM.

Following a bench trial in this employment discrimination case, the district court entered judgment in favor of defendant. Plaintiff appeals. Plaintiff contends that she was denied a promotion based on age discrimination. Plaintiff has effectively abandoned her age discrimination allegations by failing to argue the claim in her appellate brief.[2] Plaintiff focuses the appeal on her contention that the VA retaliated against her for having filed an age discrimination charge, and for making other more general complaints against her supervisor.

 Neither the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621 *et seq.,* nor Title VII, 42 U.S.C. § 2000e–3(a), permits an employer to discriminate against an employee opposing an unlawful employment practice. *Rennie v. Dalton,* 3 F.3d 1100, 1106 (7th Cir.1993); *Jennings v. Tinley Park Comm. Consolidated School District No. 146,* 864 F.2d 1368, 1371–72 (7th Cir. 1988). To establish a *prima facie* case of retaliation under the framework set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), plaintiff must show that (1) she engaged in statutorily protected expression; (2) she suffered an adverse action by her employer; and (3) there is a causal link between the protected expression and the adverse action. *Juarez v. Ameritech Mobile Communications, Inc.,* 957 F.2d 317, 321 (7th Cir.1992). On review, the court will not overturn the district court's findings concerning discrimination and claims of retaliation unless those findings are clearly erroneous. *Anderson v. Bessemer City,* 470 U.S. 564, 573, 105 S.Ct. 1504, 1511, 84 L.Ed.2d 518 (1985); *Rennie v. Dalton,* 3 F.3d at 1106. Here, the district court's findings are not implausible. *See Artis v. Hitachi Zosen Clearing, Inc.,* 967 F.2d 1132, 1139 (7th Cir.1992).

Armand L. Andry, Oak Park, IL, for plaintiff-appellant.

Ernest Y. Ling (argued), Office of U.S. Atty., Crim. Div., James B. Burns, Office of U.S. Atty., Chicago, IL, for defendant-appellee.

Before POSNER, Chief Judge, BAUER and KANNE, Circuit Judges.

2. In any event, she failed to make a *prima facie* showing of age discrimination at trial. The evidence showed, *e.g.,* that of the seven employees (including plaintiff) supervised by Kathy Kilgore, she promoted two who were over age 40. There were two other people in the department over age 40, but the evidence did not indicate either was on a career ladder or that either of them ever applied for a promotion. Plaintiff's allegations of age discrimination seemed nothing more than an afterthought, added to the EEOC complaint almost one year after plaintiff began complaining about her treatment by Kilgore.

■ The record shows that plaintiff and her supervisor, Kathy Kilgore, apparently did not get along.[3] What is missing in this record is any showing of retaliation for constitutionally protected conduct. Plaintiff alleges that her supervisor, Kathy Kilgore, was harassing her by, *e.g.,* jamming the photocopy machine, secretly transferring plaintiff's phone calls to another telephone, and giving her secretarial and other work not in plaintiff's job description. Plaintiff began seeking another job. Plaintiff also made numerous complaints, usually in writing, to various management personnel at the VA. In March 1991, plaintiff filed a formal complaint with the VA, complaining that Kilgore was harassing her and giving her an excessive caseload. In June 1991, the VA Office of General Counsel rejected plaintiff's March 1991 complaints against Kilgore. So, in June 1991, plaintiff sent out a barrage of letters to the VA, Illinois State Senator Kelly, and Senator Paul Simon. Typical remarks in these letters included a comment that Kilgore "is, by far, the most devious and sadistic person I have ever met." Plaintiff also wrote to Senator Simon that "Ms. Supervisor, S.K. Kilgore, is a single woman, has been at the station for approximately five years and has a three-year-old daughter. I will not say who rumor has it the father is."

As a result, the VA issued a letter of reprimand to plaintiff for making false or defamatory statements about VA personnel.[4] Plaintiff was told she would not be suspended if she sought mental health and career counseling; plaintiff did neither, but still she was not suspended. Plaintiff complains that this reprimand, along with the VA's failure to promote her, shows intentional discrimination based either on her age or in retaliation for having made complaints about Kilgore.

■ Any adverse employment action suffered by plaintiff was not the result of any protected speech; instead, it was a reasonable response by her employer to outrageous and unsupported defamatory remarks. Plaintiff does not deny making any of the statements at issue, or dispute that she sent the denigrating letters to public officials. Instead, she insists that she has the right to complain to public officials about the conditions of her employment. The federal courts, however, will not question a government employer's decisions relating to an employee's speech that is of an entirely private concern. *Waters v. Churchill,* — U.S. —, —, 114 S.Ct. 1878, 1887, 128 L.Ed.2d 686 (1994), citing *Connick v. Myers,* 461 U.S. 138, 146–149, 103 S.Ct. 1684, 1689–91, 75 L.Ed.2d 708 (1983). Moreover, even if the speech were protected on the basis, *e.g.,* that it involved a matter of public concern, an employee's speech is not protected where it is, made with a reckless disregard for the truth, or is otherwise profane and disparaging. *See Letter Carriers v. Austin,* 418 U.S. 264, 270–73, 94 S.Ct. 2770, 2774–76, 41 L.Ed.2d 745 (1974) (federal labor law does not pre-empt state libel law where employee makes statements with knowledge of falsity or reckless disregard for the truth); *N.L.R.B. v. Mini-Togs, Inc.,* 980 F.2d 1027, 1033–34 (5th Cir. 1993) (employer's reason for terminating employment due to use of profane, provocative and offensive language directed at other employees, was not a pretext for retaliating against employee for engaging in protected activities); *YMCA of the Pikes Peak Region, Inc. v. N.L.R.B.,* 914 F.2d 1442, 1456 (10th Cir.1990) (Baldock, J., dissenting) (collecting cases).

The VA was justified in reprimanding plaintiff, and in deciding that plaintiff could not be promoted because she lacked the inter-personal skills necessary to take on more

---

3. Both contributed to the problem. The record contains testimony that Kilgore was difficult to get along with. Mabel Ramirez, a co-worker, testified regarding the "treatment" Kilgore bestowed upon non-favorites. Lauren Smith, the union steward, testified about yelling matches between plaintiff and Kilgore, and Kilgore's reputation as a "dragon lady." Plaintiff, for her part, began filing complaints against Kilgore within a month of joining her department.

4. The letter informed plaintiff that she was being reprimanded for "[m]aking a false or unfounded statement which are slanderous or defamatory about other VA personnel or officials." Kilgore noted in the letter that plaintiff had accused her of using "Gestapo tactics, being a Hitler, a communist, a fascist, and a guard dog, and imply that I require psychiatric evaluation and counseling." (At trial, plaintiff admitted making all these accusations.)

complex contract negotiations on behalf of the VA. As the district court found:

> I think her own writings, and there are many of them that are in evidence, indicate a significant lack of interpersonal skills. I think that is almost a kind way of expressing it when one calls one's co-workers dishonest, and one supervisor, alternatively, a Nazi or a communist, or questions the paternity of the supervisor's child. It is kind to say that [the] person who is making those kinds of comments in public to public officials and circulating and disseminating those kinds of accusations lacks interpersonal skills and good judgment.

The record presents an inescapable conclusion that plaintiff failed to put forth any evidence in the bench trial that the VA harbored retaliatory or discriminatory intent against plaintiff for any protected conduct.

For these reasons, we AFFIRM the judgment of the district court.