48 F.3d 1221
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Jeronimo GARCIA, Plaintiff-Appellant,
v.
RIVERDALE PLATING & HEAT TREATING COMPANY, Defendant-Appellee.
 No. 93-3544.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 6, 1995.*
Decided March 9, 1995.
 
 Before PELL, MANION and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Jeronimo Garcia sued his former employer, Riverdale Plating & Heat Treating Company, for unlawful termination pursuant to 42 U.S.C. Sec. 2000e. Garcia claims Riverdale fired him because of his national origin and in retaliation for filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC). The district court granted summary judgment for Riverdale finding that Riverdale had a neutral reason for firing Garcia and that Garcia was unable to show that this reason was pretextual. On appeal, Garcia argues the district court erred as a matter of law.
 
 I. FACTS
 
 2
 Garcia alleges a pattern of abuse beginning in January 1984 when Garcia suffered an accident and sought compensation from Riverdale. Afterwards, Garcia claims the owner called Garcia derogatory names and Garcia's foreman assigned another man to watch Garcia's work so that Garcia could be fired if his jobs were not good. When Garcia complained about the treatment, he was told to go back to Mexico and called a "fucking alien." Garcia's job status was downgraded and his overtime hours were reduced. Garcia believes the harassment was an attempt to induce Garcia to quit his job.
 
 
 3
 In September 1985, Garcia filed charges with the EEOC for discrimination. Garcia claims he was then warned that he would be fired upon his first mistake. The harassment also continued, with several episodes of a foreman yelling at Garcia, telling Garcia that he was not afraid of Garcia's lawyer, and that if Garcia did not like it at Riverdale then Garcia should go home and not come back. After these episodes, Garcia claims his stomach ached and his legs felt weak.
 
 
 4
 On January 7, 1986, Garcia left work sick at 7:00 p.m. He saw a doctor who wrote a note instructing Garcia not to return to work until January 13. Garcia requested leave until the 13th, renewed his request until the 15th, and again until the 30th so that he could seek medical treatment. His case was eventually referred to Dr. Ganju, a specialist in gastroenterology, who wrote a note for Garcia to bring to Riverdale stating that Garcia was to remain off work until the results of his gastroscopy were known. On January 24, the gastroscopy revealed that Garcia had developed an ulcer. Garcia did not return to work pending his doctor's permission and did not notify Riverdale that he would not be returning to work on January 31.
 
 
 5
 Under the provisions of the collective bargaining agreement, any employee who was absent from work for three days without notification to Riverdale was subject to termination. After Garcia failed to report to work on January 31, February 3, and February 4, Riverdale terminated Garcia's employment.
 
 II. DISCUSSION
 
 6
 We review the district court's grant of summary judgment de novo and will affirm if it appears from the record that no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). We must draw all reasonable inferences in favor of Garcia. Schultz v. General Electric Capital Corp., 37 F.3d 329, 333 (7th Cir.1994); Sarsha v. Sears, Roebuck & Co., 3 F.3d 1035, 1038 (7th Cir.1993). "Because evidence directly supporting a claim of intentional discrimination is rare, affidavits and depositions must be carefully scrutinized for circumstantial proof which, if believed, would show discrimination." Courtney v. Biosound, Inc., No. 93-3733, 1994 WL 696298 at * 1 (7th Cir.1994). Garcia is proceeding pro se on appeal, so we will read his arguments liberally. Bagola v. Kindt, 39 F.3d 779, 780-81 (7th Cir.1994).
 
 
 7
 Garcia first argues he was discharged because he is of Mexican origin. There is no direct evidence that Garcia was terminated because of his national origin, so Garcia must establish a prima facie case under the burden-shifting framework of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817 (1973). He is required to show that (1) he is a member of a protected class; (2) he was meeting his employer's legitimate expectations; (3) he was discharged or subjected to some other adverse action by his employer; and (4) he was replaced. Rand v. CF Indust. Incorp., No. 94-1126, 1994 WL 712928 at * 4 (7th Cir.1994); Courtney, 1994 WL 696298 at * 1. Satisfying these requirements creates a rebuttable presumption of discrimination, shifting the burden of proof to Riverdale, which may refute the presumption by articulating a legitimate, nondiscriminatory reason for the discharge. A neutral reason eviscerates the presumption of discrimination, and the burden then shifts back to Garcia to prove that he was discharged because of his national origin. Rand, 1994 WL 712928 at * 4; Courtney, 1994 WL 696298 at * 1.
 
 
 8
 The district court found that Garcia failed to establish a prima facie case because by not requesting a leave of absence past January 30, he failed to meet Riverdale's legitimate expectations. In the alternative, the district court found that Riverdale articulated a legitimate, nondiscriminatory reason for the discharge and Garcia was unable to prove that he was discharged because of his national origin. We agree. Even if Garcia were able to establish a prima facie case, he cannot rebut Riverdale's legitimate, nondiscriminatory reason for the discharge. The record demonstrates that (1) Garcia was bound by the terms and conditions of the collective bargaining agreement, (2) the agreement required employees to request leave of absences, (3) employees who were absent for three or more days without leave were subject to termination, (4) Riverdale enforced this provision in past cases, (5) Garcia was absent for three days without leave, and (6) Riverdale replaced Garcia with another worker of Mexican origin. Garcia's unilateral reliance on his doctor's note does not impeach Riverdale's legitimate, nondiscriminatory reason for discharging him.
 
 
 9
 Garcia also claims that he was discharged in retaliation for filing a charge of discrimination with the EEOC. To establish a prima facie case of retaliation, Garcia must show (1) he engaged in a protected action; (2) he suffered an adverse action by Riverdale; and (3) there was a causal link between the protected action and the adverse action. Alexander v. Gerhardt Enterprises Inc., 40 F.3d 187, 195 (7th Cir.1994); Brenner v. Brown, 36 F.3d 18, 19 (7th Cir.1994) (per curiam). As with the discrimination claim, Riverdale can overcome the presumption of wrongful discharge by producing a legitimate, nondiscriminatory reason for the discharge. Once Riverdale meets this burden, Garcia must show that Riverdale's reason is pretextual and that its actual reason was retaliatory. Alexander, 40 F.3d at 195.
 
 
 10
 Garcia cannot demonstrate that Riverdale's reason for discharging him is pretextual. Despite the litany of abuse and discriminatory treatment he recites, Riverdale terminated his employment pursuant to the terms of Garcia's employment contract. The record does not demonstrate that Riverdale used this provision selectively to terminate Garcia, but does suggest that Garcia would have been terminated because he failed to request extended leave regardless of whether he filed a charge with the EEOC. Therefore, the decision of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement has been filed, so the appeal is submitted on the briefs and record