**Otis C. PORTER, Plaintiff,**

v.

**CHICAGO PARK DISTRICT,
Defendant.**

**No. 99 C 7957.**

United States District Court,
Eastern Division.
N.D. Illinois,

July 16, 2001.

---

Charmaine Elizabeth Dwyer, Chicago, IL, for Plaintiff.

Caroline E. Rdzanek, Chicago, IL, for Chicago Park District, Department of the City of Chicago, Defendant.

## ORDER

BUCKLO, District Judge.

The Chicago Park District (CPD), having previously obtained summary judgment on plaintiff Otis C. Porter's race discrimination claims, now seeks summary

judgment on his retaliation claim. Mr. Porter's response impliedly seeks reconsideration of my previous decision.

■ In order to establish a prima facie case of Title VII or § 1981 retaliation (essentially similar in structure), Mr. Porter must show that: (1) he engaged in statutorily protected expression; (2) he suffered an adverse action by his employer; and (3) there is a causal link between his protected expression and the adverse action. *Brenner v. Brown*, 36 F.3d 18, 19 (7th Cir.1994). Showing the "causal link," requires that he demonstrate that the CPD would not have taken the adverse action "but for" the protected expression. *McKenzie v. Illinois Dep't. of Transp.*, 92 F.3d 473, 483 (7th Cir.1996). If Mr. Porter presents a prima facie case, the burden of production shifts to the CPD to come forward with a legitimate, non-retaliatory reason for its actions. *Id.* Mr. Porter then must show that the CPD's proffered reasons are pretextual. *Id.*

■ The only evidence that Mr. Porter offers of retaliation is the "close proximity" of his complaint and his firing. But if a plaintiff "has presented nothing more than temporal proximity in support of his causal connection argument," he loses. *Contreras v. Suncast Corp.*, 237 F.3d 756, 765 (7th Cir.2001). Absent other evidence of retaliation, a temporal relation is insufficient evidence to survive summary judgment. *Gleason v. Mesirow Financial, Inc.*, 118 F.3d 1134, 1147 (7th Cir.1997). "Timing may be an important clue to causation, but does not eliminate the need to

show causation." *Bermudez v. TRC Holdings, Inc.*, 138 F.3d 1176, 1179 (7th Cir. 1998) (citation omitted). Mr. Porter was suspended on September 12, 1997, after the CPD talked to two women who had filed a complaint alleging sexual harassment. His EEOC complaint was filed in October and he was fired in December 1997, following the CPD's investigation of the charges. The timing suggests that the filing of his complaint was not a factor in his being fired. In addition, between the date of Mr. Porter's suspension and the time he was given a hearing and then fired, the CPD conducted an extensive investigation, the results of which supported the original claim of sexual harassment. The CPD also obtained evidence that Mr. Porter had attempted to bribe motel employees to not tell the truth about one of the complaining individual's allegation that he took her to a motel for sex in return for allowing her to be paid for time she did not work. This resulted in an additional charge, which was sustained.[1]

■ In addition to his argument that he was fired shortly after filing his EEOC charge, Mr. Porter argues that similarly situated persons who were not African American were treated better. Mr. Porter notes that my earlier decision on the CPD's first motion for summary judgment did not discuss the CPD's treatment of Ronald Kruml. Kruml was a white male foreman who was accused by a black woman subordinate of sexual harassment and of making an illiterate racial slur ("black ignot") when his advances were rejected. Unlike Mr. Porter, he was not fired.

---

1. In his responses in this court Mr. Porter claims he was with another woman, not one of the complainants, and that his purpose in attempting to prevent his presence at the motel from being known was to protect his marriage. But the CPD found that he was there with the employee complainant after its investigator talked with motel employees. Whether it was correct or not is not the issue. He offers no evidence that the CPD could not have honestly arrived at the conclusions it did. See *Kariotis v. Navistar Int'l. Transp. Corp.*, 131 F.3d 672, 677 (7th Cir.1997). Mr. Porter's alleged motive in attempting to pay the motel employees for silence is also irrelevant to the charge of impeding the investigation.

However, the case is dissimilar: the CPD investigated and found that Mr. Porter had indeed committed sexual harassment and had also attempted to obstruct the investigation to cover up his affair, but its thorough investigation of Kruml was "inconclusive" as to whether he was guilty, and it decided not to pursue the matter because Kruml was retiring forthwith. Kruml was never accused of obstructing the investigation.

■■■■ The case of John Cortez, which I did discuss briefly in the earlier order, needs more discussion. Cortez was an Hispanic or white laborer, and not a supervisor (which is why I held him to be dissimilar in my previous order), who threw diesel fuel on another laborer and attempted to light it. He was merely reprimanded for this assault. Mr. Porter argues that if the conduct is bad enough, it doesn't matter that Cortez wasn't a supervisor because the same disciplinary rules apply in any case. The question here is whether Cortez was similarly situated to Mr. Porter because of his appalling behavior. I may look at the notion of an employee's being "similarly situated" along three dimensions: (1) whether the employee has a comparable position or job, *see Ilhardt v. Sara Lee Corp.*, 118 F.3d 1151, 1155 (7th Cir.1997) (part time attorney not similarly situated to full time attorney); (2) whether the employee's conduct was of the same type or sort, *Freeman v. Madison Metro. School Dist.*, 231 F.3d 374, 383 (7th Cir. 2000) (In sexual harassment case, " 'similarly-situated' employees would not necessarily be those who held the same job that [plaintiff] held, but rather would be those ... who had been the subject of comparable complaints of sexual harassment."); and, in the case of an unsatisfactory employee like Mr. Porter, (3) whether the employee's conduct was comparably bad or worse. *Bush v. Commonwealth Edison Co.*, 990 F.2d 928, 931 (7th Cir.1993). Acts of comparable seriousness need not be vio-

lations of identical disciplinary rules but must involve similar types of misconduct. *See Hiatt v. Rockwell Int'l Corp.*, 26 F.3d 761, 770–71 (7th Cir.1994).

Although sexual harassment and assault might be described as deficiencies in job performance for some purposes, this is not a case where I must assess differing degrees of badness of professional misconduct. From a purely professional point of view, persistent sexual harassment over time, as the CPD accepted to have occurred, is probably more of an impediment to employees doing their job than a one time assault, however potentially disastrous. I have found no legal support for saying that employees may be similarly situated merely because they behaved equally badly from a subjective moral point of view.

Since there is no other support for Mr. Porter's retaliation claim the CPD's motion for summary judgment on that claim is granted. Mr. Porter's motion for reconsideration of my earlier decision is also denied.